

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00402-CR

Kyle Magee **STONE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR12634W
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting: Sandee Bryan Marion, Chief Justice
    Rebeca C. Martinez, Justice
    Liza A. Rodriguez, Justice

Delivered and Filed: September 4, 2019

DISMISSED

Pursuant to a plea-bargain agreement, Kyle Magee Stone pled guilty to possession of a controlled substance. The terms of his plea bargain agreement were as follows: (1) "Class A misdemeanor punishment with State Jail Felony Conviction under 12.44 P.C."; (2) "Punishment to be assessed at 90 days BCJ"; (3) "Fine $500"; (4) "There is no application for community supervision/deferred adjudication"; and (5) "Full range of punishment if defendant doesn't appear at sentencing." On March 20, 2019, the trial court sentenced Stone to eighteen months in state jail. The judgment reflects that Stone "appeared in person with Counsel." Appellant's motion for new

trial, however, states that "[a]ll parties agree that Kyle Magee Stone failed to appear on the day of sentencing." The record, therefore, was not clear with regard to whether the trial court sentenced Stone in accordance with the terms of his plea-bargain agreement. On March 20, 2019, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Stone filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See id.* 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

On August 6, 2019, we informed Stone that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). On August 14, 2019, his counsel filed a letter stating that the trial court had denied Stone's request to sign an amended certification stating he had the trial court's permission to appeal. According to counsel's letter, Stone "is not able to demonstrate that he has the right to appeal." Further, on August 22, 2019, a supplemental clerk's record was filed containing the trial court's written findings of fact. According to the trial court's findings, (1) as part of his plea agreement, Stone "agreed that he would be subject to the full range of punishment if he did not appear for sentencing"; (2) "[o]n the day of sentencing, January 9, 2019," Stone "failed to appear and a warrant was issued"; (3)

pursuant to the warrant, Stone was taken into custody on February 13, 2019; (4) a new sentencing date was set for March 20, 2019; and (5) Stone, who was still in custody, appeared with counsel for sentencing on March 20, 2019. According to the trial court, because Stone "failed to appear for his original sentencing date of January 9, 2019, the court sentenced [him] to eighteen (18) months in a state jail facility."

This appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

Do not publish